IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHYNERRIAN MANNING,

    Plaintiff,

vs.                                    CASE NO. 5:03CV304-SPM/AK

CHARLENE SMITH, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 28 U.S.C. §1331 alleging that the Defendants, staff members at the Federal Correctional Institution at Marianna, Florida, violated his First Amendment rights when they confiscated legal mail and prevented him from pursuing a lawsuit. (Doc. 1).[1]

---

[1] Suits under §1983 and Bivens are very similar. Abella v. Rubino, 65 F.3d 1063 (11th Cir. 1995). A § 1983 suit challenges the constitutionality of the actions of state officials; a Bivens suit challenges the constitutionality of the actions of federal officials. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). Thus, courts generally apply §1983 law to Bivens cases. *E.g.*, Butz v. Economou, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57

I.  **Allegations of the Complaint (doc. 1)**

Plaintiff claims that he had a pending action in the United States Appeals Court for the Eleventh Circuit and on November 18, 2002, the United States Attorneys office in Pensacola mailed a brief to Plaintiff at FCI Marianna, making Plaintiff's reply brief due on December 4, 2002. Plaintiff contacted the mail room at FCI and inquired about the Government's brief. On December 11, 2002, he submitted a formal request, to which no response was given. On December 18, 2002, Plaintiff claims he finally received a copy of the brief, but only after filing several motions and letters in the Court and having a copy mailed by the Attorney's Office to his brother, who then mailed it to him. Plaintiff claims that even though he rushed his brief in to the Eleventh Circuit on December 27, 2004, it was rejected as out of time. Plaintiff claims that he filed a motion to submit the brief out of time, which was denied, and he ultimately lost his case because his brief was untimely. Later, on February 10, 2003, Plaintiff was advised by the mail room that the brief had been found with the cover letter dated November 18, 2002. Plaintiff claims that the mail room admitted to committing an "administrative error."

Attachments to the complaint show that Plaintiff filed an Attempt at Informal Resolution on February 11, 2003, (exhibits 1-2), complaining about the lost mail and requesting damages. A letter dated February 25, 2003, from Charlene Smith to Michelle Clower, recited the following:

> Upon cleaning the mail room on February 9, 2003, a package was discovered addressed to the above referenced inmate [Plaintiff]. The package was from the United States Attorney's Office, Penasacola, Florida. It contained two originals of the Government's Initial Brief ECCA

---

L.Ed.2d 895 (1978).

**No. 5:03cv304-SPM/AK**

> No. 02-14805-EE and a computer disk containing the 5 copies of the Government's Brief. This package was originally placed to the side because it contained a computer disk which is prohibited by national policy for an inmate to possess and was to be processed at a later time. Doug Thompson, Case Manager, was advised and contacted Brenda Wiegman, Clerk with the 11th Circuit Court at 404-335-6174, of the date the brief was delivered to the inmate-February 10, 2003. Jenny, Legal Assistant to Nancy Hess, Assistant U.S. Attorney, was also advised. (Exhibit 3).

Plaintiff was advised in a response to his Attempt at Informal Resolution that:

> Due to Administrative error, a package containing two Government Brief's and a computer disk was not delivered to you in a timely manner. The actual date that the package was received is not known because this package did not meet guidelines to qualify as legal mail, therefore, it was not date/time stamped when it was received. The package was delivered to you on February 10, 2003. Case Manager Doug Thompson contacted Brenda Wiegman, Clerk with the 11th Circuit Court at 404-335-6174 of the date the brief was delivered to the inmate. In addition, Jenny, Legal Assistant to Nancy Hess, Assistant U.S. Attorney, was also advised. (Exhibit 4).

This response was given to Plaintiff's Request for Administrative Remedy (exhibit 5) dated March 13, 2003, with the additional note that, "While this was an administrative error, it was not illegal, malicious or retaliatory." (Exhibit 6).

Plaintiff filed a Regional Request for Administrative Remedy dated April 16, 2003, (exhibits 7-8), and the response in pertinent part was:

> Institution staff contacted the court to advise them of the date you received the documents. The court has also advised us your appeal was not denied solely because the return brief was filed out of time. You also have a current appeal pending with the court. Although institution staff did not deliver the contents of the package addressed to you in a timely manner, there is no evidence this resulted in you being denied access to the court or a denial of your appeal. (Exhibit 9).

**No. 5:03cv304-SPM/AK**

In response to a Central Office Administrative Remedy Appeal dated May 31, 2003, (exhibit 10), Plaintiff was informed that:

> Our review reveals the Warden and Regional Director adequately responded to the issues raised. Program Statement 5800.01, Mail Management Manual, all incoming inmate property packages must be authorized in advance unless otherwise approved under another Bureau Policy. Some packages are authorized under other bureau policies, such as magazines, the packages must be marked with words such as "Authorized by Bureau Policy." ..."[C]ontact was made with all concern [sic] parties to advise them that this was an administrative error and not your fault." (Exhibit 11).

## II. Standard of Review

In reviewing this case, the Court anticipated considering evidentiary material, which was attached by Defendants to the motion to dismiss, and therefore, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss was converted into a Rule 56 motion for summary judgment.

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff

**No. 5:03cv304-SPM/AK**

must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record."  Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**No. 5:03cv304-SPM/AK**

### III. Defendants' relevant Rule 56 evidence

      a)    <u>Affidavit of Defendant Michelle Clower (Doc. 20, Exhibit B)</u>

Defendant Clower has been with the Bureau of Prisons for over 25 years and is Inmate Systems Manager, which includes overseeing the mail room staff. She was notified on February 9, 2003, by Defendant Charlene Smith that a package addressed to Plaintiff had been discovered during a clean up of the mail room. Ms. Smith informed Clower that the package had been delivered and Plaintiff's case manager informed. The case manager called the Eleventh Circuit Court of Appeals and the legal assistant to the United States Attorney to advise them of the date the package was actually delivered. The case manager also discussed with Plaintiff the facts surrounding the delay.

      b)    <u>Affidavit of Defendant Charlene Smith (doc. 20, exhibit C)</u>

Defendant Smith has been with the Bureau of Prisons for over 16 years and supervises the mail room. She was told about the package being found on February 9, 2003. The package was mailed from the United States Attorneys Office in Pensacola, Florida, but was not marked legal mail. The package also contained a computer disk, which BOP policy prohibits inmates from possessing. The package also contained two originals of the Government's brief in Case No. ECCA No. 02-14805-EE. Because of the computer disk, the package was set aside by mail room staff and forgotten. On February 10, 2003, Plaintiff was given the package and the circumstances of its misplacement explained to him. Plaintiff's case manager was also advised of the error,

**No. 5:03cv304-SPM/AK**

and he made phone calls to the Eleventh Circuit Court of Appeals and the United States Attorneys Office to explain that Plaintiff had just been given the package.

The remainder of Defendants' submission is duplicative of exhibits submitted with Plaintiff's complaint.

## IV. Plaintiff's relevant Rule 56 evidence

   a)   Affidavit of Plaintiff (doc. 21, Exhibit 1)

Plaintiff attests that he began complaining about his mail on November 7, 2002, and advised the mail staff that he had a legal matter pending and was awaiting the government's brief. (Attachments A, B). The response was that no brief had been received, but any mail to Plaintiff would be delivered as soon as it arrived. (Att. A). On November 23, 2002, Plaintiff wrote to his uncle and asked that he contact the Eleventh Circuit Court of Appeals to inquire about the missing brief concerning a Motion for New Trial filed in Appeals Case No. 02-14805-EE from a judgment entered in Case No. 99-00004CR05-LAC. (Att. C). Plaintiff attests that he made daily inquiries about the brief from November 18, 2002, through December 2, 2002, and was told that the brief was not there. On December 2, 2002, Plaintiff wrote the Eleventh Circuit to advise that he had not received the brief, which was overdue, and that if one had been filed would the court send him a copy. (Att. D). Plaintiff attests that he again wrote the mail staff to inform them that a clerk at the Eleventh Circuit told him the brief was filed and a copy sent to him on November 18, 2002, according to the certificate of service, but the mail staff did not respond to the request. (Att. E). Plaintiff contends that this act was in retaliation for his filing complaints, and that the mail room has repeatedly retaliated

**No. 5:03cv304-SPM/AK**

against him and other inmates by withholding mail. (Affidavit at p.10). Plaintiff attests that about one week later he received the brief from his brother and filed a reply brief, which was dismissed as untimely. **There is no copy of the order from the Eleventh Circuit dismissing the appeal.** Plaintiff attests that he finally received the brief from the mail room on February 10, 2003. On February 13, 2003, he filed an Attempt at Informal Resolution, at which time the calls were made to the United States Attorneys Office and the Eleventh Circuit, which Plaintiff contends proves that the Defendants did not take action to assist him until he began the grievance process. Further, Plaintiff claims that when he finally received the briefs the envelope did not indicate that it had been rejected or that it was to be treated any differently than any other mail. (See Att. K). **The envelope is not marked legal mail.** Plaintiff claims that other incidents of retaliation have occurred and the disk that resulted in the mail problem was clearly identified as the government's brief. (Atts. L through P-1).

**V.    Analysis**

    a)    <u>Access to Court</u>

In <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996), the Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
>
> 2. The prisoner must show the claim to which he was impeded was not frivolous.
>
> 3. The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

**No. 5:03cv304-SPM/AK**

*Id.* at 1281-83.

The legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.

Plaintiff is considerably vague about the pending appeal that he alleges was dismissed because of the actions of Defendants. He has not attached any papers concerning that case, even though it is his burden to show actual injury under the three-part test cited above. Fortunately, the underlying criminal action was filed in this district and the papers concerning the appeal were available for review. The chronological history of the case is informative.

Defendant was found guilty by jury verdict of Count 3 of the indictment (possession with intent to distribute cocaine base) and sentenced to 120 months on August 18, 1999. (Doc. 73 in Case No. 5:99CR4-LAC). A Notice of Appeal was filed on August 23, 1999, (doc. 74), and the conviction affirmed. (Doc. 96). Plaintiff then filed a motion to vacate (doc. 100), which was denied on October 29, 2001. (Doc. 122). Plaintiff moved for reconsideration, which was also denied. (Doc. 125). Plaintiff appealed to the Eleventh Circuit (doc. 126), which was denied because Plaintiff failed to make a showing of a denial of a constitutional right. (Doc. 139).

Plaintiff then moved for a new trial alleging newly discovered evidence. (Doc. 140). This motion was denied on the ground that the evidence, an affidavit from Plaintiff's mother regarding the ownership of a key ring presented at trial, was not "new"

**No. 5:03cv304-SPM/AK**

within the meaning of the law. (Docs. 141, 144). Plaintiff appealed this denial (doc. 145), which is the pending appeal at issue in the present lawsuit, USCA # 02-14805-E. (See Doc. 149). Contrary to Plaintiff's assertion, his appeal was *not* denied because he failed to file a reply brief timely. The Eleventh Circuit Court of Appeals made a decision on the merits of the motion for new trial finding that the district court did not abuse its discretion in finding that Plaintiff failed to prove the elements for granting a new trial based on newly discovered evidence pursuant to Rule 33, Federal Rules of Criminal Procedure, and the applicable case law. **There was no mention of the untimeliness of Plaintiff's brief or that the court was adopting the government's position because there was no reply brief filed as Plaintiff asserts. There is also no record that Plaintiff filed a motion for leave to file an out of time brief as he asserts.**

Consequently, the facts are that there was no actual injury resulting from the delay in delivering Plaintiff's mail to him, and therefore he has failed to state a claim under the First Amendment. Plaintiff has the burden to prove the elements of his claim and has failed to carry this burden, thus entitling Defendants to judgment as a matter of law.

The undersigned also finds that Plaintiff intentionally misled the Court in his complaint when he stated: "Even a motion to file out of time brief did not cure the default, the Eleventh Circuit denied Plaintiff brief and motion, as untimely, and ruled against him based upon the Government's unchallenged brief." (Complaint, p.6). The order dismissing Plaintiff's appeal is clearly not based on a procedural default, does not mention an untimely brief, and is based upon the trial transcript and not solely on the

**No. 5:03cv304-SPM/AK**

government's unchallenged brief. Plaintiff has had a previous complaint dismissed as frivolous and it is herein recommended that this case, also, be dismissed as frivolous thereby constituting "two strikes" under 28 U.S.C. 1915(g). If Plaintiff receives one more strike he will be barred from filing in federal court without a showing of "imminent danger of serious physical injury."

The undersigned finds it unnecessary to determine the merits of Defendants' other grounds in light of Plaintiff's failure to state a claim, but it appears that both Clower and Smith were not directly involved in the confiscation of Plaintiff's mail and were named solely because they supervise others in the mail room. Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). Under Plaintiff's set of facts, neither Clower nor Smith became involved in the mail problem until the envelope was discovered by others during a clean up of the mail room. This factor, too, would constitute dismissal of his complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 20) be **GRANTED**, and that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**No. 5:03cv304-SPM/AK**

It is further **RECOMMENDED** that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) and that this dismissal constitutes a "second strike" pursuant to 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **11th** day of August, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:03cv304-SPM/AK**